[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: December 15, 1995 Date of Application: December 15, 1995 Date Application Filed: December 15, 1995 Date of Decision: September 22, 1998
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven at Meriden, Docket Number CR94-01637435.
James McCann, Esq. Defense Counsel for Petitioner
Robert O'Brien, Esq. Assistant State's Attorney for the State
 MEMORANDUM OF DECISION
The petitioner was convicted after a jury trial in count one of the crime of burglary in the first degree, a violation of Connecticut General Statutes § 53a-101 (which provides a penalty of not less than one year nor more than 20 years incarceration and a monetary fine not to exceed $15,000), and in count two of the crime of sexual assault in the third degree, a violation of Connecticut General Statutes § 53a-72 (which provides a penalty of not less than one year nor more than five years incarceration and a monetary fine not to exceed $5,000).
On the first count, the petitioner was sentenced to 12 years incarceration, and on the second count petitioner was sentenced to five years incarceration. Each of these sentences were to be served concurrently for a net effective sentence of 12 years incarceration. The petitioner seeks review of this sentence.
Counsel for the petitioner claims that the petitioner's prior criminal record was relatively minor and that emphasis should not have CT Page 12290 been placed on petitioner's lack of remorse because defendant claims he is innocent and was wrongfully convicted. Counsel claims that the 12 year sentence imposed is disproportionate (for the crimes of which the petitioner was convicted).
The petitioner addressed the panel. Petitioner claimed that the victim was his neighbor and that she had a personal vendetta against him and that she has been on medication. Petitioner claims, "I got railroaded." Petitioner stressed there was no proof of any injury to the victim and that it was simply a "He said/she said" scenario.
The record reflects an incident whereby the petitioner entered the victim's apartment unannounced and uninvited and proceeded to sexually assault the victim by touching about her body and by squeezing her breasts to such an extent that milk was emitted. The victim was in pain and terrified.
The state's attorney indicated that the jury found the victim credible and that she, the victim, had been severely traumatized by the incident.
The court was advised that the petitioner was on two probations at the time of this incident and that "probation has not been effective in any respect." The court also indicated "that there was very little contained in the (PSI) which suggests that the court should treat you in the lenient manner that your counsel requests."
The court proceeded to sentence the petitioner as indicated.
Pursuant to Connecticut Practice Book § 43-23 et seq, the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23
et seq. and Connecticut General Statutes § 51-194 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq. CT Page 12291
The sentence imposed was neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
Miano, J.
O'Keefe, J.
Iannotti, J.
Miano, J., O'Keefe, J., and Iannotti, J. participated in this decision.